# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LILLY LE NGUYEN, as Special Administrator of the Estate of PHILLIP NGUYEN, Deceased,<br><br>        Plaintiff(s),<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>        Defendant(s). | Case No. 2:17-cv-01773-APG-NJK<br><br>ORDER<br><br>(Docket No. 10) |

Pending before the Court is the parties' stipulation to stay discovery pending resolution of Defendant's motion to dismiss. Docket No. 10; *see also* Docket No. 8 (motion to dismiss).

The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] The Court finds that each

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

of these requirements has been met here. Therefore, the Court concludes that discovery should be stayed pending resolution of the motion to dismiss.

For the reasons outlined above, the parties' stipulation to stay discovery is **GRANTED**. Docket No. 10. To the extent the motion to dismiss is not granted in full, the parties shall conduct a Fed. R. Civ. P. 26(f) conference and file a joint proposed discovery plan within 14 days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: September 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge