**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| LILLY LE NGUYEN as Administrator of the Estate of Phillip Nguyen,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:17-cv-01773-APG-NJK<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 8) |

Plaintiff Lilly Le Nguyen, as administrator of her son Phillip Nguyen's estate, filed suit against defendant State Farm Mutual Automobile Insurance Company. Phillip was killed in a motor vehicle accident in March 2014. ECF No. 1 at 12. At the time, Nguyen had four State Farm insurance policies potentially providing Phillip uninsured motorist coverage up to $25,000 each, for a total of $100,000. *Id.* State Farm allegedly has refused to pay $100,000 to settle Phillip's claim. *Id.* at 13. Nguyen thus sues State Farm for breach of contract,[1] unfair claims practices, unjust enrichment, and bad faith. *Id.* at 13-16.

State Farm moves to dismiss. It contends the four policies each contain unambiguous anti-stacking provisions that preclude Nguyen from collecting any more than $25,000 under one policy. State Farm thus argues it properly tendered only $25,000 and did not breach the insurance contract. State Farm also moves to dismiss Nguyen's other claims on various grounds. Nguyen responds only that the anti-stacking clause is unenforceable because it is not prominently set forth in the policy.

I deny the motion to dismiss the breach of contract claim because the anti-stacking provision is not prominent. I grant the motion to dismiss the remainder of Nguyen's claims

---

[1] Although the complaint refers to four insurance policies, the first claim for relief (breach of contract) refers only to a single, unspecified "contract." ECF No. 1 at 13-14.

because she did not oppose the motion to dismiss those claims. However, I grant Nguyen leave to amend.

## I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Breach of Contract

To be enforceable, an anti-stacking provision must satisfy three prerequisites under Nevada Revised Statutes § 687B.145(1). "First, the limiting provision must be expressed in clear language. Second, the provision must be prominently displayed in the policy, binder or endorsement. Finally, the insured must not have purchased separate coverage on the same risk nor paid a premium calculated for full reimbursement under that coverage." *Nationwide Mut. Ins. Co. v. Coatney*, 42 P.3d 265, 267 (Nev. 2002) (per curiam) (quoting *Neumann v. Standard Fire Ins. Co. of Hartford, Conn.*, 699 P.2d 101, 103 (Nev. 1985)). "[T]he burdens of persuasion and production on the issue of the validity of an anti-stacking clause prohibiting stacking of UM coverage rest on the insurer." *Torres v. Farmers Ins. Exch.*, 793 P.2d 839, 842 (Nev. 1990) (per curiam).

The only factor at issue here is whether the anti-stacking provision is prominently displayed. The purpose of the prominence requirement is to "make more apparent to a policy holder those provisions which may have an adverse effect on a claim under the policy, and to give him notice of his true coverage." *Neumann*, 699 P.2d at 104 (quotation omitted). Thus, to meet

the prominence requirement, the clause must direct attention toward the "critical language" and "have greater prominence than other provisions." *Id.* at 105. An anti-stacking clause "attains prominence by being different from its surrounding terms." *Id.*

Thus, Nevada courts have held that an anti-stacking provision satisfied the prominence requirement where it was the only part of the policy with more than two lines written in bold-faced capital letters. *Bove v. Prudential Ins. Co. of Am.*, 799 P.2d 1108, 1111 (Nev. 1990); *see also Serrett v. Kimber*, 874 P.2d 747, 751 (Nev. 1994) (anti-stacking clause prominently displayed where only other bold-faced provisions were similar anti-stacking clauses). Likewise, where anti-stacking clauses "are set apart from the other policy language by a prominent text box, capital letters, and italicized font," the clauses are prominent. *Farmers Ins. Exch. v. Lawless*, 680 F. Supp. 2d 1238, 1243 (D. Nev. 2010).

The anti-stacking clause in Nguyen's policy is not prominent. It is in all capital letters and underlined, while the rest of the policy, on balance, is not. ECF No. 8-2 at 25. However, it is not prominent when compared to its surrounding terms. It is contained on a page where nearly all text is in capital letters with some terms bolded and italicized. *Id.* Additionally, other provisions on the page are also capitalized and underlined. *Id.* Those provisions are not merely identical anti-stacking provisions. Instead they relate to whether the coverage is primary and what proportion State Farm will pay if other insurance applies. *Id.* The anti-stacking clause is sandwiched between these clauses, which are capitalized and underlined, and various exclusions, which are capitalized but not underlined. *Id.* The anti-stacking clause thus does not have greater prominence than other surrounding provisions as the statute requires. Accordingly, I deny the defendants' motion to dismiss the breach of contract claim.

**B. Nguyen's Other Claims**

State Farm argues the bad faith claim should be dismissed because it had a reasonable basis for asserting the anti-stacking provision applies. State Farm also moves to dismiss the unfair practices claim because no supporting facts are alleged. Finally, State Farm moves to dismiss the unjust enrichment claim because a written contract controls the parties' relationship.

Nguyen did not respond to any of these arguments. I therefore grant State Farm's motion as unopposed. LR 7-2(d). However, I grant Nguyen leave to amend, if she can allege sufficient facts giving rise to these claims.

**II. CONCLUSION**

IT IS THEREFORE ORDERED that defendant State Farm Mutual Automobile Insurance Company's motion to dismiss **(ECF No. 8) is GRANTED in part**. Plaintiff Lilly Le Nguyen's claims for bad faith, unfair claims practices, and unjust enrichment are dismissed, with leave to amend. Plaintiff Lilly Le Nguyen may file an amended complaint on or before April 20, 2018 if she has facts supporting the dismissed claims.

DATED this 20th day of March, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE